# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIAN RUBINSTEIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CREDIT SUISSE GROUP AG, CREDIT SUISSE AG, CREDIT SUISSE INTERNATIONAL, CREDIT SUISSE SECURITIES (USA) LLC, TIDJANE THIAM, DAVID R. MATHERS, JANUS HENDERSON GROUP PLC, JANUS INDEX & CALCULATION SERVICES LLC, and JANUS DISTRIBUTORS LLC, <br><br> Defendants. | Case No. 1:19-cv-01069-VEC |

### JOINT DECLARATION OF JULIAN RUBINSTEIN, BARBARA ANTINORO, AND DAVID FLEER

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows, as to matters averred jointly, and as matters pertaining to ourselves:

1.     We, Julian Rubinstein, Barbara Antinoro, and David Fleer, respectfully submit this Joint Declaration in support of our motion for appointment as Co-Lead Plaintiffs and approval of our selection of counsel in the instant class action on behalf of purchasers of VelocityShares Daily Inverse VIX Medium Term Exchange Traded Notes ("ZIV"), pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). We are informed of and understand the requirements and duties imposed by the PSLRA. We each have personal knowledge about the information in this Joint Declaration, except as otherwise stated herein.

2.     We understand that we are the only movants seeking appointment as Lead Plaintiff in this action. We understand and appreciate the requirements and obligations of serving

as a Lead Plaintiff in a securities class action. We have agreed to exercise joint decision-making and to work together in this action to fairly and adequately protect the interests of the Class, as further described herein.

3.    We agree that, rather than litigating the competing Lead Plaintiff motions, it is in the best interests of the class that we seek to represent to amicably resolve the motions and pool our resources to effectively and efficiently prosecute this action.

4.    We believe that our decision to prosecute the Action jointly provides the Class with the benefits of joint decision-making and furthers one of the PSLRA's goal of encourage the largest investors to serve as Lead Plaintiffs. In addition, we believe our decision to work together will help ensure that remedies under the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act") can be pursued. We are committed to the zealous prosecution of this case to obtain the largest recovery for the class and will remain actively involved in this litigation.

5.    We have had conversations with our counsel, through our counsel, and without our counsel present. We have discussed, among other things, our backgrounds and common interests in serving as Lead Plaintiff in this action, as well as our shared views concerning litigation strategy and procedures for directing and monitoring counsel to ensure that the action will be litigated efficiently and in a cost-effective manner.

6.    We have discussed, among other things, how we can effectively manage this class action litigation, oversee our attorneys, and how to resolve any potential dispute among us as to how to prosecute the Action. We plan to communicate regularly with each other, and with our counsel, regarding the prosecution of the Action. We will regularly review and discuss case

filings with and without counsel, and we will take other steps we deem necessary to ensure that the work performed in this action is non-duplicative and in the best interests of the class.

7.    We do not anticipate that any disagreements between us will arise and agree to make all efforts, in good faith, to reach consensus with respect to all litigation decisions, and to that end will consult with our counsel as we deem necessary to fulfill our fiduciary obligations to the class we seek to represent. If a disagreement arises, we have agreed to resolve such disagreement by a majority vote. We recognize that even in the event of such a disagreement, the ultimate decision will necessarily be informed by consulting each other and our counsel.

8.    We have discussed our belief that it is beneficial to have two law firms serving as co-lead counsel. Therefore, if the Court appoints us as co-lead plaintiffs, we respectfully request that the Court approve our selection of Abraham, Fruchter & Twersky, LLP ("AF&T") and Pomerantz LLP ("Pomerantz") to serve as co-lead counsel. It is our understanding that AF&T and Pomerantz have worked together previously. It is our further understanding that defendants have significant financial resources, have retained top-tier litigation counsel, and are likely to litigate this action vigorously. For these reasons, we believe that that the class will benefit from the combined resources and expertise of both AF&T and Pomerantz. Based on the firms' experience in representing shareholders and achieving substantial recoveries in securities class actions, we agree that both firms are well-qualified to represent the Class.

9.    I, Julian Rubinstein, consider myself to be a relatively sophisticated investor. I am an Investment Advisor Representative with over 20 years of hands on business and investment management experience, and the founder and president of American Asset Management, Inc. I have advised individuals and corporations on their investments and 401(k) plans since 1994.

3

Following the events described in the Complaint, I sought out counsel, spoke to attorneys, and decided to retain AF&T to file the Action.

10.    I, Barbara Antinoro, live in San Diego, California. I am a retired founder of a children's charity. I have been investing in the securities markets since 1972. As reflected in my Certification, I purchased ZIV ETNs during the Class Period and suffered substantial losses as a result of the violations of the federal securities law alleged in this action.

11.    I, David Fleer, live in San Diego California. I am a self-employed television and film director. I have been investing in the securities markets for approximately 15 years. As reflected in my Certification, I purchased ZIV ETNs during the Class Period and suffered substantial losses as a result of the violations of the federal securities law alleged in this action.

12.    We, Barbara Antinoro and David Fleer, have a relationship that predates the instant litigation on behalf of ZIV investors. We first met one another several years ago at the Balboa Park Tennis Club in San Diego, and have established a meaningful friendship based upon our shared interest in tennis, social issues, and current events, among other things. Our decision to seek appointment in this litigation jointly as Co-Lead Plaintiffs is based in part on our preexisting relationship. Following the events described in the Complaint, we discussed the merits of this litigation with one another, sought out counsel, spoke to attorneys, and decided to retain Pomerantz to file a motion on our behalves seeking appointment as Lead Plaintiffs for the Class.

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements attributed to me are true and correct to the best of my knowledge.

Dated: May 30, 2019

By: _____
    Julian Rubinstein

5

DocuSign Envelope ID: B1C5917E-5F39-4F01-A81B-6304B79BCD21

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing statements attributed to me are true and correct to

the best of my knowledge.

Dated: May __, 2019

DocuSigned by:

By: ___BARBARA___    5/30/2019 | 4:22 PM
     1E6790B27E3A42C...
     Barbara Antinoro

6

DocuSign Envelope ID: 53AA06A9-BF89-4B6F-84A5-D759B119D3DC

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements attributed to me are true and correct to the best of my knowledge.

Dated: May ___, 2019

DocuSigned by:

By: *David Fleer*

034E99410DCA400...

David Fleer

5/30/2019 | 9:20 PM

7